UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:22-cr-00158-RJC-SCR |
| | ) | 3:22-cr-00222-RJC-SCR |
| v. | ) | |
| KYREE JAMAYL CORBETT, | ) | |
| Defendant. | ) | |

## ORDER

**THIS MATTER** is before the Court on Defendant's Motions to Review Detention Order (the "Motions") (Case No. 3:22-cr-00222-RJC-SCR, Doc. No. 23; Case No. 3:22-cr-158-RJC-SCR, Doc. No. 34). The Court held a bond review hearing on July 11, 2023. As stated in open court, the Motions are **DENIED**.

### I. BACKGROUND

In June 2022, Defendant was charged in a four count Bill of Indictment for Robbery of Property of the United States in violation of 18 U.S.C. § 2114(a), Possession of Property of the United States in violation of 18 U.S.C. § 2114(b), Conspiracy in violation of 18 U.S.C. § 371, and Possession of Stolen Mail in violation of 18 U.S.C. § 1708. (Case No. 3:22-cr-158-RJC-SCR, Doc. No. 3). After a detention hearing, Defendant was ordered detained pending trial. (Case No. 3:22-cr-158-RJC-SCR, Doc. No. 12). The Magistrate Judge issued a written detention order (the "Detention Order") finding that the Government proved "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." (Id. at 2). The Detention Order provided the following reasons supporting detention:

- "Weight of evidence against the Defendant is strong";

- "History of violence or use of weapons";

- "Use of alias(es) or false documents"; and

- "Defendant has pending firearm charges in state court."

(Id. at 3).

In August 2022, Defendant sought review by the District Judge of the Detention. (Case No. 3:22-cr-158-RJC-SCR, Doc. No. 18). The District Judge dismissed Defendant's appeal as untimely. (Case No. 3:22-cr-158-RJC-SCR, Doc. No. 20). In addition to finding the appeal untimely, the District Judge also noted that even considering the merits of the appeal, under a de novo review, he would adopt the Detention Order in its entirety and order Defendant detained. (Id. at 3).

In December 2022, Defendant filed another motion seeking review of the Detention Order. (Case No. 3:22-cr-158-RJC-SCR, Doc. No. 27). In the second bond review motion, Defendant argued a change in circumstances because state charges that were pending at the time Defendant was originally detained, and that were referenced in the Detention Order, had since been dismissed. (Id. at 2). Defendant argued that "the fourth factor cited in support of the [Detention] Order ('Defendant has pending firearm charges in state court.') no longer exist[ed]," and also pointed to his family ties, community ties, and zero criminal history points. (Id.). The District Judge denied Defendant's second bond review motion, noting that the dismissal of the state charges after Defendant was detained on federal charges did not change the conclusion that no combination of conditions of release will reasonably assure the safety of the community. (Case No. 3:22-cr-158-RJC-SCR, Doc. No. 29).

Separately, in September 2022, in a related case, Defendant was charged in a two count Bill of Information with Robbery of Property of the United States in violation of 18 U.S.C. § 2114(a) and Conspiracy in violation of 18 U.S.C. § 371. (Case No. 3:22-cr-222-RJC-SCR, Doc. No. 1). Defendant ultimately pled guilty to both counts in the Bill of Information, and as part of the plea agreement, the United States agreed to move at the appropriate time to dismiss the Bill of Indictment, described above, in case number 3:22-cr-158. (Case No. 3:22-cr-222-RJC-SCR, Doc. No. 6). At the plea hearing, after Defendant entered his guilty plea, he asked to be heard on the issue of being released on bond. (Case No. 3:22-cr-222-RJC-SCR, Doc. No. 11). Because the Government had not received notice of Defendant's request for release, the Magistrate Judge ordered Defendant detained pursuant to his guilty plea and the Detention Order in case number 3:22-cr-158. (Id.). Defendant's counsel was instructed to file a written motion for bond review if Defendant wished to be heard on his request for release on bond. (Id.). Defendant thereafter filed the instant Motions requesting release on bond pending his sentencing. (Case No. 3:22-cr-00222-RJC-SCR, Doc. No. 23; Case No. 3:22-cr-158-RJC-SCR, Doc. No. 34).

## II. DISCUSSION

Given that Defendant pled guilty to Robbery of Property of the United States in violation of 18 U.S.C. § 2114(a) and a related conspiracy charge, Defendant's detention or release is now governed by 18 U.S.C. § 3143(a). Under 18 U.S.C. § 3143(a)(1),[1]

> the judicial officer *shall order* that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ."

18 U.S.C. § 3143(a)(1) (emphasis added).

---

[1] The parties each agreed at the bond review hearing on July 11, 2023, that Defendant's detention or release is governed by 18 U.S.C. § 3143(a)(1).

Here, after the original detention hearing, the Magistrate Judge found that the Government proved by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. (Case No. 3:22-cr-158-RJC-SCR, Doc. No. 12 at 2). Defendant already unsuccessfully challenged this finding with the District Judge twice. First, under a de novo review the District Judge agreed that no combination of conditions of release will reasonably assure the safety of any other person and the community. (Case No. 3:22-cr-158-RJC-SCR, Doc. No. 20). Importantly, the District Judge also found the dismissal of the pending state charges referenced in the Detention Order did not change the conclusion that no combination of conditions of release will reasonably assure the safety of the community. (Case No. 3:22-cr-158-RJC-SCR, Doc. No. 29).

Now, in Defendant's fourth[2] attempt at requesting the Court release him, Defendant has not established a change in circumstances to warrant his release. United States v. Martin, No. 3:07-CR-242, 2008 WL 483458, at *1 (W.D.N.C. Feb. 19, 2008) (affirming magistrate judge's bond denial and concluding under 18 U.S.C. § 3143(a)(1) the defendant "has not shown any significant change in circumstances warranting her release pending sentencing.").

First, he argues changed circumstances exist because the pending state charges were dismissed; however, the District Judge already considered and rejected this argument. (Case No. 3:22-cr-158-RJC-SCR, Doc. No. 29). In any event, considering the record, the Court does not find the dismissal of the pending state charges after Defendant was in federal custody defeats the

---

[2] First, Defendant argued for release at the original detention hearing. Second, Defendant appealed that Detention Order to the District Judge. Third, Defendant sought review of the Detention Order a second time by the District Judge in December 2022. Now, for the fourth time, Defendant asks the Court to release him on conditions of release. The Court observes that Defendant also asked for bond review at the plea hearing, but was ordered detained and instructed to file a written motion.

prior findings that no combination of conditions of release will reasonably assure the safety of the community. Indeed, the Court is now operating under the standard set forth in 18 U.S.C. § 3143(a)(1). Defendant also points to his family and community ties as well as his lack of criminal history. These factors have each already been considered in the prior decisions and, despite these arguments, Defendant was detained. Defendant also argues a change in circumstances because his grandparent recently passed away, and Defendant has a job offer to work at Popeyes if released. While the Court is sympathetic to the passing of Defendant's grandparent, the Court finds there is not a change in circumstances sufficient to overcome the Court's prior findings. Accordingly, the Court will deny the Motions.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motions to Review Magistrate Judge Detention Order (Case No. 3:22-cr-00222-RJC-SCR, Doc. No. 23; Case No. 3:22-cr-158-RJC-SCR, Doc. No. 34) are **DENIED** and Defendant shall remain detained as set forth in the original Detention Order. (Case No. 3:22-cr-158-RJC-SCR, Doc. No. 12).

**SO ORDERED**.

Signed: July 31, 2023

_Susan C. Rodriguez_
Susan C. Rodriguez
United States Magistrate Judge