IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-CR-00222-RJC-SCR

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KYREE JAMAYL CORBETT | ) | |
| | ) | |

**THIS MATTER** is before the Court on the government's Motion for

Restitution Order, (Doc. No. 39), and the defendant's Response, (Doc. No. 48).

The defendant pled guilty to robbing a person of property of the United

States (Count One) and conspiracy to steal and possess stolen mail (Count Two).

(Doc. No. 37: Judgment at 1). At the sentencing of this matter, the Court held that

final determination of restitution would be left open as authorized by 18 U.S.C. §

3664(d)(5). (Id. at 4). The government has now timely proposed a list of victims and

losses. (Doc. No. 39: Motion). The defendant objects to two of the seven requests.

(Doc. No. 48: Response).

GTA Properties, LLC provided a victim statement and restitution request in

the amount of $1,225. (Doc. No. 31: Second Supplement to Presentence Report

(PSR)). It claims $5,320 was taken from a business account, but ultimately credited

back by the bank. (Id. at 2). The company estimated that the hours and stress of

resolving the situation easily amounted to $1,000, plus $225 in attorney's fees. (Id.).

The defendant asserts that such expenses are not recoverable in a property case.

See United States v. Mullins, 971 F.2d 1138, 1148 (4th Cir. 1992) (excluding

consequential damages such as attorney's fees to recover property); <u>United States v. Sharp</u>, 927 F.2d 170, 174 (4th Cir. 1991) (lost income not authorized in property cases). The government concedes attorney's fees are not reimbursable, (Doc. No. 39: Motion at 2 n.1), and has not carried its burden to show the other claimed expenses are. Accordingly, the Court will deny the request by GTA Properties, LLC.

The defendant also objects to $1,556.35 requested by Charnna Copeland, one of the United States Postal Service workers he robbed at gun point to obtain a mailbox master key. (Doc. No. 18: PSR at 5). She submitted a victim statement, (Doc. No. 18-1 at 5-6), and testified at the sentencing hearing about the devastating impact on her emotional and financial health, including suffering physically and being out of work for two years. The defendant's contention that only the value of the key is reimbursable, (Doc. No. 48: Response at 3), ignores his agreement to pay "full restitution" to all victims "directly or indirectly" harmed by his "relevant conduct," including "uncharged conduct, regardless of whether such conduct constitutes an 'offense' under 18 U.S.C. §§ 2259, 3663, or 3663A." (Doc. No. 6 at 3-4). Her submitted invoice for health benefit premium related debt in the amount of $1,556.35, (Doc. No. 52), corresponds with her statements to the Court about the financial loss caused by the defendant's conduct. Accordingly, the Court will grant the request by Charnna Copeland.

**IT IS THEREFORE ORDERED** that the government's motion, pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, (Doc. No. 39), is **GRANTED in part**, and the Judgment in this case, (Doc. No. 37), shall be amended

to include a final restitution figure of $18,906.74 in the amounts listed in the motion, except as to GTA Properties, LLC. All other terms of the original Judgment (Doc. No. 37) remain unchanged.

The Clerk is directed to certify copies of this Order to Defendant, the United States Attorney, the United States Marshals Service, the United States Probation Office, and the Financial Administration Unit of the Clerk's Office.

Signed: July 31, 2024

Robert J. Conrad, Jr.
United States District Judge